UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES BUSBIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:23-cv-00575-RLY-TAB |
| | ) |
| EXCAVATOR'S TRANSPORT, LLC, | ) |
| TAYLOR FEDERICI, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION FOR HEARING**

This cause is before the Court on Plaintiff James Busbin's motion seeking a hearing to set a security bond and/or attach certain property of Defendants Excavator's Transport, LLC, and Taylor Federici to secure judgment. [Filing No. 17.] This motion is somewhat unusual because, by all indications, this is a relatively straightforward case involving claims under the Fair Labor Standards Act and Indiana's wage payment statute. Yet for reasons that are not clear—and that certainly are not explained in Plaintiff's two-page motion or reply brief—Plaintiff asks the Court to order Defendant Federici to appear at a hearing and bring information regarding Excavator's Transport's bank accounts, real and tangible property, and people or entities that owe Defendants money. The only justification Plaintiff offers in support of his motion is that Indiana Trial Rule 64 (incorporated through Fed. R. Civ. P. 64) says he can.

Defendants' response asserts that Indiana Trial Rule 64(A)(1) provides that the relief Plaintiff seeks is available "under the circumstances and in the manner provided by law and existing at the time the remedy is sought." Defendants note that Indiana Trial Rule 64(B) sets forth several instances in which attachment shall be allowed, but they argue that none of those

circumstances exist here. [Filing No. 18, at ECF p. 2.] Defendants further note that Indiana Code § 34-25-2-4 requires that a plaintiff seeking remedies such as those sought by Plaintiff make an affidavit showing: (1) the nature of the claim; (2) that the claim is just; (3) the amount to be recovered; and (4) that one of the grounds for an attachment enumerated in Indiana Code § 34-25-2-1 is present. Plaintiff has provided no affidavit or other showing. In reply, Plaintiff counters that he has chosen to rely exclusively on Trial Rule 64, and that Defendants' response is "meaningless." [Filing No. 20, at ECF p. 1.] The Court disagrees.

In *Vukadinovich v. Posner*, No. 2:22-cv-118-TLS-JPK, 2023 WL 4348059, at *3, n.7 (N.D. Ind. July 3, 2023), the court stated in a footnote, "From a cursory review of Indiana Trial Rule 64, it does not appear that provision contains any circumstances for attachment potentially relevant here that are not also found in Ind. Code § 34-25-2-1. Therefore, it is unlikely that consideration of that rule would change the analysis." And in *Wayne Manufacturing LLC v. Cold Headed Fasteners and Assemblies Inc.*, No. 1:21-cv-290-HAB-SLC, 2022 WL 2704478, at *2 (N.D. Ind. July 12, 2022), the court stated, "Thus, as Wayne Manufacturing asserts, Federal Rule of Civil Procedure 64(a) directs the Court to look at Indiana law on prejudgment attachment. Indiana law includes two authorizations for prejudgment attachment: Indiana Code Section 34-25-2-1 and Indiana Rule of Trial Procedure 64(b)." (Internal citation omitted).

The foregoing authorities—in addition to common sense—support the conclusion that Plaintiff cannot simply file a motion, cite to Indiana Trial Rule 64, and insist that Defendants be ordered into court with bank and other records, secure a bond, and/or have property attached based solely upon the fact that Plaintiff has filed suit against Defendants. Plaintiff needs to make a more significant showing to justify the relief sought, and Plaintiff has fallen far short of doing

so. Accordingly, Plaintiff's motion for hearing [Filing No. 17] is denied, as are the parties' respective requests for an award of attorney's fees.

Date: 11/13/2023

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email